IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **CONNIE J. RAMSEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| **PORTFOLIO RECOVERY** | ) |
| **ASSOCIATES, LLC, NATHAN L.** | ) |
| **HORTON, and MERYL DREANO,** | ) **Jury Trial Demanded** |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Connie J. Ramsey (hereinafter "Plaintiff") is a natural person who resides in Knox County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant Portfolio Recovery") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Virginia, that maintains National Registered Agents, Inc., 2300 Hillsboro Road, Ste. 305, Nashville, TN 37212-4927, as its registered agent for service of process.

6. Defendant Nathan L. Horton (hereinafter "Defendant Horton") is a natural person, whom, on information and belief, is an employee of Defendant Portfolio Recovery's litigation department and does not have his own law practice, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at his business address of Portfolio Recovery Associates, LLC, Litigation Department, 140 Corporate Boulevard, Norfolk, VA, 23502, or his home address.

7. Defendant Meryl Dreano (hereinafter "Defendant Dreano") is a natural person who is an employee and/or agent of Defendant Portfolio Recovery, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at her business address of Portfolio Recovery Associates, LLC, 120 Corporate Blvd., Suite 100, Norfolk, VA, 23502-4962, or her home address.

**FACTUAL ALLEGATIONS**

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt originally owed to or serviced by either HSBC Card Services (III), Inc., HHB or Ameritech (hereinafter referred to collectively as "HSBC").

9. After default, Plaintiff's debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

10. Defendant Portfolio Recovery is engaged in the business of purchasing consumer debts after default and attempting to collect them from consumers.

11. Defendant Horton is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another.

12. Defendant Dreano is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another.

13. When purchasing consumer debts after default, Defendant Portfolio Recovery makes an intentional business decision not to obtain competent evidence that would allow them: (1) to determine if the consumer actually owes the debt, and (2) to correctly calculate the amount of debt owed, prior to collection of the debt.

14. Defendant Portfolio Recovery's main avenue of collecting defaulted consumer debts is the implementation of a state court litigation model that includes the employment of debt collection attorneys, in this case an employee of their litigation department, to file collection lawsuits, and the use of its agents to sign the affidavits filed with the lawsuits.

15. The only evidence provided to the debt collection attorneys to file the lawsuits are the affidavits signed by the agents of Defendant Portfolio Recovery without personal knowledge if the consumer incurred the debt, how the debt was incurred, or how the amount owed was determined.

16. The affidavits signed by the agents of Defendant Portfolio Recovery under penalty of perjury allege amounts owed that are based solely on hearsay in the form of electronic data allegedly transferred from the original creditor or an assignee of the original creditor.

17. The debt collection attorneys do not request additional evidence from Defendant Portfolio Recovery prior to filing the collection lawsuit, and file the lawsuits, knowing that they and Defendant Portfolio Recovery do not possess competent evidence and do not intend to obtain it, if challenged by a consumer.

18. Despite the "business records" exception to the hearsay rule being clearly defined in Tennessee for years, the Tennessee Court of Appeals recently determined what competent evidence is required to prove the consumers owed the alleged debts under this hearsay exception in the context of a debt buyer case.[1]

19. The litigation model used by Defendants to collect debts from Tennessee consumers is to file collection lawsuits: (1) after making intentional business decisions that, if challenged by a consumer, they will not obtain competent evidence of the alleged debt, including the contract on which Defendants allegedly relied to file the collection lawsuit, (2) prior to reasonably and adequately investigating whether a consumer owes the amount of debt they are attempting to collect, or owes the debt at all, (3) intentionally using civil warrants and sworn affidavits that knowingly contain false, deceptive, and misleading statements made by persons who do not possess personal knowledge of the terms of the

---

[1] (1) "'[E]very link in the chain between the party to which the debt was originally owed and the party trying to collect the debt must be proven by competent evidence in order to demonstrate standing'", *See, Portfolio Recovery Funding, LLC v. Mastaw*, M2012-00990-COA-R3-CV, at p. 7 (Tenn. Ct. App. Apr. 30, 2012) (citing *Cach, LLC v. Askew*, 358 S.W.3d 58, 62 (Mo. 2012) (citing *Midwestern Health Mgmt., Inc. v. Walker*, 208 S.W.3d 295, 298 (Mo. App. 2006)), and "'the Plaintiff must demonstrate . . . that it is the valid assignee of an existing debt' and that the record was made in the regular course of business". *Mastaw* at 7, *citing, Cuda & Assoc., LLC v. Lumpkin*, 2011 WL 6413674, at *1, 2; (Conn. Super. Ct. Nov. 29, 2011) (internal citations omitted), (2) The production of business records that "properly fit within Rule 803(6), the business records exception to the hearsay rule". *Id.* at 11, and (3) The business records must be introduced by a "witness with 'personal knowledge of the business's record-keeping methods and can explain same to the court'". *Id.* at 12, fn. 13 (*citing, Beal Bank S.S.B. v. RBM Co.*, 2002 WL 43604, at *2) (Tenn. Ct. App. Jan. 11, 2002) (citing *Alexander*, 903 S.W.2d at 700)).

contract on which Defendants allegedly relied to file the collection lawsuit that is necessary to make a sworn affidavit as to the correctness of the amount owed, and (4) with the improper motive of obtaining default judgments against 95% or more of the consumers, who are intimidated by the allegations in the sworn affidavits because they are made in the course of litigation and under penalty of perjury; all in order to increase Defendants' respective financial bottom lines (hereinafter referred to as the "litigation model").

20. Defendants followed the litigation model while attempting to collect debts from Plaintiff.

21. In a large majority of the cases, debt buyers such as Defendant Portfolio Recovery and debt collection attorneys such as Defendant Horton obtain a default judgment and the sufficiency of the debt buyer's sworn affidavits are never challenged.

22. In those few instances where a consumer has the means and ability to defend the collection lawsuit, debt buyers such as Defendant Portfolio Recovery and debt collection attorneys such as Defendant Horton will dismiss the case rather than risk having their systemic fraud on the court exposed.

### *July 29, 2011 Collection Lawsuit*

23. On or about July 29, 2011, Defendants filed a Civil Warrant and Sworn Affidavit and several additional documents against Plaintiff in state court (collectively the "collection lawsuit"). **C***opy of July 29, 2011 collection lawsuit filed as Exhibit 1 to this Complaint (hereinafter "Doc. 1-1").*

24. The Civil Warrant, Sworn Affidavit, and the additional documents were served on Plaintiff in connection with collection of a debt and in an attempt to collect a debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

### *Use of Civil Warrant That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

25. The Civil Warrant stated that Defendants Portfolio Recovery and Horton were seeking to collect: "<u>**$4,146.00, plus prejudgment interest from time of assignment, court costs and post judgment interest**</u>, court costs and postjudgment interest, an amount under $25,000.00." ***See Doc. 1-1, p. 1.*** (underline and bold added)

26. The Sworn Affidavit, **<u>dated June 10, 2011</u>**, stated that Defendants were seeking to collect: "<u>**from [Plaintiff] . . . the sum of $4,146.00 . . . as of December 31, 2008**</u>[,] with there being no unknown un-credited payments, counterclaims or offsets against the debt as of the date of the sale", and that "[Defendant Portfolio Recovery] claims <u>**the sum of $4,146.00 as due and owing as of the date of this affidavit**</u>." ***See Doc. 1-1, p. 3, ¶¶ 4-5.*** (underline and bold added)

27. By following the litigation model, Defendants made conflicting and confusing statements as to the amount owed in the Civil Warrant and Sworn Affidavit, resulting in one or more of the Defendants (a) making a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10), (b) making a false representation of the compensation which may be legally received by any debt collector for the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B), and 1692e(10), and (c) using unfair or unconscionable means to collect or attempt to collect the alleged debt by stating that Defendant Portfolio Recovery was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

28. Defendants Portfolio Recovery and Horton followed the litigation model and did not review records of the originator of the debt to determine if the contract on which the

6
Case 3:12-cv-00396-TWP-CCS   Document 1   Filed 07/29/12   Page 6 of 19   PageID #: 6

Defendants allegedly relied to file the collection lawsuit even existed and, if so, whether the amount Plaintiff allegedly owed was correct, prior to filing and serving the Civil Warrant and Sworn Affidavit.

29. Without records of the originator of the debt available to review prior to filing and serving the Civil Warrant and Sworn Affidavit, and without being able to correctly calculate the amount owed by Plaintiff based on the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, Defendants Portfolio Recovery and Horton used false, deceptive, and misleading representations or means in connection with collection of the debt by stating in the Civil Warrant that Defendant Portfolio Recovery was entitled to an amount not expressly authorized by the agreement creating the debt, Defendants Portfolio Recovery and Horton falsely represented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B), both of which is the use of false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

30. The failure of Defendants Portfolio Recovery and Horton to acquire and review the contract on which they allegedly relied to file the collection lawsuit resulted in the Defendants stating in the Civil Warrant and Sworn Affidavit that Plaintiff owed amounts to Defendant Portfolio Recovery that were several thousand dollars different (depending on the actual amount of the contract interest rate), and was the use of false, deceptive and

7

Case 3:12-cv-00396-TWP-CCS   Document 1   Filed 07/29/12   Page 7 of 19   PageID #: 7

misleading representations or means in connection with collection of the debt that would be confusing to the least sophisticated consumer as to how much was allegedly owed, and a threat to any action that cannot legally be taken by attempting to collect an amount not expressly authorized by the agreement creating the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

31. Defendants unreasonably relied on HSBC or an assignee of HSBC that Plaintiff owed either amount alleged in the collection lawsuit.

32. Defendants Horton and Dreano unreasonably relied on Defendant Portfolio Recovery that Plaintiff owed either amount alleged in the collection lawsuit.

33. By filing the Civil Warrant which contained knowingly false, deceptive, and misleading representations in connection with collection of the debt while unreasonably relying on HSBC or an assignee of HSBC as to the amount owed by Plaintiff, without knowledge of whether a contract on which the Defendants allegedly relied to file the collection lawsuit even existed, or what language it included regarding contract interest or other charges, Defendants Portfolio Recovery and Horton communicated credit information to the State court, the general public, and the Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

34. Without the contract on which the Defendants allegedly relied to file the collection lawsuit, the Defendants may not recover attorney's fees or contract rate of interest on the underlying debt. *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008)).

### *Use of Sworn Affidavit That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

35. An affidavit filed in support of a Civil Warrant on a sworn account in Tennessee is filed to attest to the correctness of the amount owed. ***See, Tenn. Code Ann. § 24-5-107(a).***

36. Defendant Dreano, who authored the sworn Affidavit dated June 10, 2011 that was filed in support of the Civil Warrant, swore under oath in the Affidavit that:

    (1) She is the "Custodian of Records" for Defendant Portfolio Recovery;

    (2) She is "authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of [Defendant Portfolio Recovery] and those account records transferred to [Defendant Portfolio Recovery] from [HSBC], which have become integrated into [Defendant Portfolio Recovery's] business records, in the ordinary course of business";

    (3) "According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by [Defendant Portfolio Recovery], all of [HSBC's] interest in such account having been sold, assigned and transferred by [HSBC] on June 22, 2009";

    (4) "Further, [Defendant Portfolio Recovery] has been assigned all of [HSBC's] power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and [HSBC] has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever";

    (5) "According to the records transferred to [Defendant Portfolio Recovery] from [HSBC], and maintained in the ordinary course of business by [Defendant Portfolio Recovery], **there was due and payable from [Plaintiff] to [HSBC] the**

**sum of $4,146.00 . . . , as of December 31, 2008**[,] with there being no unknown un-credited payments, counterclaims or offsets against the debt as of the date of the sale"; and

(6) "According to the records of [Defendant Portfolio Recovery], after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, [Defendant Portfolio Recovery] claims **the sum of $4,146.00 as due and owing as of the date of this affidavit**."

*See Doc. 1-1, p. 3, first unnumbered ¶ and ¶¶ 2-5.*

37. Prior to signing the Affidavit, Defendant Dreano did not review records of the originator of the debt to determine if the contract on which the Defendants allegedly relied to file the collection lawsuit existed and, if so, whether the amount Plaintiff allegedly owed was correct, and did not review records of the alleged assignment of the alleged debt from HSBC or an assignee of HSBC to Defendant Portfolio Recovery, because Defendants Portfolio Recovery and Horton followed the litigation model and did not provide her records that would have allowed her to do so.

38. Without records available that would allow her to correctly calculate the amount owed by Plaintiff, it was not possible for Defendant Dreano to have the personal knowledge required to truthfully make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff, as required by Tennessee state law for a sworn account.

39. By alleging that Plaintiff owed $4,146.00, as of the date of the Sworn Affidavit, Defendant Dreano falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in

violation of 15 U.S.C. § 1692e(2)(B), communicated a threat to take any action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5), communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8), all of which was the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f, including, but not limited to and attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

40. Form affidavits, such as the one filed in the lawsuit against Plaintiff, are generated automatically by a computer owned by Defendant Portfolio Recovery or its agents upon request and routinely provided to Defendant Dreano and other agents of Defendant Portfolio Recovery who engage in robo-signing hundreds of affidavits each day without the personal knowledge required to make a Sworn Affidavit as to the correctness of the amount owed, within the requirements of Tennessee state law, and are intentionally used by Defendants in the collection lawsuits filed against Tennessee consumers.

41. The form affidavits contain language alleging facts not in possession of Defendant Portfolio Recovery and to which their agents are not qualified to sign under oath due to their lack of personal knowledge about the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, and are filed with the Civil Warrant by debt collection attorneys such as Defendant Horton.

42. Defendants Portfolio Recovery and Defendant Horton filed and served the collection lawsuit in an attempt to collect the debt knowingly using Defendant Dreano's Sworn Affidavit as the only evidentiary basis to support their claims, and the intentional use by Defendants of the form affidavit in Plaintiff's collection lawsuit, which contains representations that are obviously false, deceptive, and misleading, and in violation of state law, is the use of false, deceptive, and misleading representations or means in connection with collection of the debt to collect, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair and unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

43. Defendant Dreano's demands in the Sworn Affidavit for $4,146.00, without personal knowledge of the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, or what language it included regarding interest, were false, deceptive and misleading misrepresentations made without the personal knowledge required to make a Sworn Affidavit as to the correctness of the amount owed, if any, by Plaintiff, as required by Tennessee law, and falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), and the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

44. By filing and serving the collection lawsuit in accordance with their litigation model: Defendants violated 15 U.S.C. § 1692e(5) by threatening to collect the debt with use of a knowingly false, deceptive, and misleading affidavit, and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representations or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is the use of false, deceptive, and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendant Portfolio Recovery and Defendant Horton had the legal right to attempt to collect the debt in the manner in which they attempted to collect it, with the use of a knowingly false, deceptive, and misleading Sworn Affidavit, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

45. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing the Sworn Affidavit that included the knowingly false, deceptive, and misleading statements, including the amount owed of $4,146.00, Defendant Portfolio Recovery and its agents communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

### *Failure To Include § 1692e(11) Language in Subsequent Communications*

46. The FDCPA states:

    "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

47. Each of the additional documents filed and served with the Civil Warrant and Sworn Affidavit (*See, Doc. 1, pp. 4-10*) (collectively "Additional Documents") is a "communication" as defined by 15 U.S.C. § 1692a(2).

48. Each of the Additional Documents is not a formal pleading made in connection with a legal action.

49. Each of the Additional Documents is a subsequent communication by Defendant Portfolio Recovery that was made in connection with a legal action that is not a formal pleading and is in connection with collection of the debt, and Defendant Portfolio Recovery failed to disclose in the Additional Documents that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

### *Communicating With Plaintiff When She is Represented by an Attorney*

50. On September 12, 2011, Plaintiff filed a sworn denial in the collection lawsuit and a copy was served on Defendants Horton and Portfolio Recovery. *Copy of sworn denial filed as Exhibit 2 to this Complaint (hereinafter "Doc. 1-2").*

51. On September 14th and 16th, 2011, Plaintiff's counsel and Defendant Horton exchanged emails in which Plaintiff's counsel advised Defendant Horton that he represented Plaintiff and requested and was granted a continuance of a court date. *Copy of emails filed as Exhibit 3 to this Complaint (hereinafter "Doc. 1-3").*

52. On or about May 11, 2012, Defendant Portfolio Recovery sent a collection letter to Plaintiff dated May 11, 2012. *Copy of the May 11, 2012 collection letter filed as Exhibit 4 to this Complaint (hereinafter Doc. "1-4").*

53. The May 11, 2012 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

54. The May 11, 2012 collection letter was a subsequent communication in connection with collection of the debt made by Defendant Portfolio Recovery.

55. The May 11, 2012 collection letter was addressed to the General Sessions Court Clerk and Plaintiff and stated in the reference block:

> Re: Portfolio Recovery Associates LLC vs. Connie J. Ramsey
> Case #: 96229G

56. The May 11, 2012 collection letter further stated:

> "Dear Clerk/Debtor:
>
> Please be advised this matter has been reset to 07/18/12 at 9:00 AM, per Court request. Please contact me if you have any questions. Thank you for your assistance in this matter."

57. The signature block for the May 11, 2012 collection letter stated:

> "Sincerely,
>
> PORTFOLIO RECOVERY ASSOCIATES, LLC
> Litigation Department
> 866-428-8102 ext 11963"

58. The May 11, 2012 collection letter also stated at the bottom of the page:

> "This letter is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose."

59. Despite being made aware of Plaintiff's counsel's representation of the Plaintiff several months earlier, Defendant Portfolio Recovery failed to contact Plaintiff's counsel to

inquire about his continued representation of the Plaintiff prior to sending the May 11, 2012 collection letter, but instead contacted Plaintiff directly.

60. Plaintiff's counsel never consented to direct communication with the Plaintiff by Defendant Portfolio Recovery or its agents in connection with collection of the debt.

61. When Defendant Portfolio Recovery sent the May 11, 2012 collection letter to Plaintiff, it had actual knowledge that Plaintiff was represented by an attorney with respect to the debt.

62. By communicating with Plaintiff directly in connection with the collection of the debt when Defendant Portfolio Recovery had actual knowledge that Plaintiff was represented by an attorney with respect to the debt, Defendants violated 15 U.S.C. § 1692c(a)(2), and this communication is a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

*Summary*

63. The above-detailed conduct by Defendants in connection with collection of the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

*Respondeat Superior Liability*

64. In addition to their individual liability under the FDCPA, the acts and omissions of Defendants Horton and Dreano as agents for Defendant Portfolio Recovery and who communicated with Plaintiff as more further described herein, were committed within the

time and space limits of their agency relationship with their principal, Defendant Portfolio Recovery.

65. The acts and omissions by Defendants Horton and Dreano were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Portfolio Recovery in collecting consumer debts.

66. By committing these acts and omissions against Plaintiff, Defendants Horton and Dreano were motivated to benefit their principal, Defendant Portfolio Recovery.

67. Defendant Portfolio Recovery is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Portfolio Recovery including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

68. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

69. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

70. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

71. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and
- for such other and further relief as may be just and proper.

07/29/12     Respectfully submitted,

**CONNIE J. RAMSEY**

/s/     Alan C. Lee
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
info@alanlee.com